IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL 705 PENSION and, HEALTH FUND TRUSTEES, | ) ) ) | |
| Plaintiffs, | ) ) | 10 C 6352 |
| v. | ) ) ) ) | Judge Ronald A. Guzmán |
| A.D. CONNER, INC., an Illinois corporation, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant A.D. Conner, Inc.'s motion to consolidate pursuant to Local Rule ("LR") 40.4 *Teamsters Local Union 705 v. A.D. Conner, Inc.*, 10 C 6916, ("the Teamsters case"), which is currently pending before Judge Kennelly, with this case. For the following reasons, the Court denies the motion.

**Background**

In the Teamsters case, the Teamsters Union has sued defendant for allegedly failing to provide its union employees with the sixty-day pre-firing notice before its closing as required by the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101, *et. seq.* (Def.'s Mot. Consolidate Ex. A, Compl. at ¶ 19.) In this case, Teamsters' pension and health fund trustees ("the Funds"), have sued defendant alleging that it was delinquent in making required payments to the Funds in violation of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132, 1145, because it apparently no longer had money to continue its operations, and therefore had to close its doors (defendant's parent company, which

owns 100% of it, filed for bankruptcy a week after defendant terminated its operations). (Pls.' Resp. Def.'s Mot. Consolidate ("Funds' Resp.") at 1- 2, n.4.)

## Discussion

Before a case may be reassigned under LR 40.4, the movant must first show that the cases are "related." LR 40.4(a). Two cases may be related if, among other things, the cases "involve some of the same issues of fact or law" or the "cases grow out of the same transaction or occurrence." LR 40.4(a). Both criteria are satisfied here. First, both cases grow out of defendant terminating its operations as discussed above. Second, both cases involve some of the same issues of fact regarding damages. Both claims will require the use of the same collective bargaining agreement to calculate unpaid fringe benefits and possibly accrued vacation pay that both plaintiffs allege they are owed under either ERISA or the WARN Act. (Def.'s Mot. Consolidate Ex. A, Compl. at 4; Funds' Resp. at 5, n.8.) Therefore, the first hurdle of Local Rule 40.4 is satisfied.

Next, related cases may be reassigned under LR 40.4(b) if each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

2

LR 40.4(b). And under LR 40.4(c), the moving party has an obligation to specifically identify in its motion why each of the four conditions of LR 40.4(b) is met. *See Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 0736, 01 C 5825, 2003 WL 21801428, at *3 (N.D. Ill. Aug. 1, 2003). Here, the defendant has failed to articulate why this case satisfies any of the conditions set forth in section (b) of LR 40.4 (or section (a) for that matter). Rather the movant, after quoting the entire LR, repeatedly makes conclusory assertions that both cases concern the "same common operative set of facts and circumstances" and that the two cases are "related." (Def.'s Mot. Consolidate at 2-3.) Nothing in the motion, for instance, articulates how the handling of both cases by the same judge would result in substantial saving of judicial time and effort or how the Court could resolve the two cases in a single proceeding. Failure to satisfy this pleading requirement, in and of itself, serves as adequate grounds for denying the motion. *See, e.g.*, *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (denying a motion to reassign because movant failed to articulate why the four conditions of LR 40.4(b) were met as required by LR 40.4(c)); *Davis v. Quebecor World*, No. 01 C 8014, 2002 WL 27660, at *3 (N.D. Ill. Jan. 10, 2002) (same); *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 174 F.R.D. 408, 411 (N.D. Ill. 1997) (same).

Nevertheless, even if defendant had satisfied the pleading requirement of LR 40.4(c), plaintiffs argue that the motion should be denied because the second and forth conditions of LR 40.4(b) are not satisfied. (Funds' Resp. at 6-7.) The Court agrees. First, as to the second condition, the causes of action are fundamentally distinct as they are brought by two different plaintiffs, pursuant to two different statutes, and each requires proof of different factual elements. One of the cases involves the Funds suing for unpaid contributions under ERISA,

3

while the other case involves the Teamsters Union suing for back pay and other benefits on behalf of defendant's employees under the WARN Act. (*Id.* at 7.) Further, defendant has alleged certain defenses in its answer to the Teamsters' complaint that only apply to WARN Act cases. (Def.'s Answer at 5-6.) Although there would be some saving of judicial time and effort because there are some common issues of fact regarding damages, such saving would be minimal at best because ultimately each case will require different discovery, legal findings and damages calculations. *See Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2004 WL 1102327, at *3 (N.D. Ill. May 5, 2004) (finding that although cases involve some of the same factual issues, resolving the issues together will not result in substantial judicial savings because each will require different discovery and legal findings); *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 894, 848 (N.D. Ill. 1999) (finding that there would be no substantial saving of judicial time because most of the time will be spent on issues not common to both cases). Accordingly, the Court finds that its handling of both cases would not result in a substantial saving of judicial time and effort.

Second, the fourth condition is satisfied if there are some issues of both law and fact that are the same in the related case. *See Lawerence E. Jaffe Pension Plan*, 2003 WL 21011757, at *3 (citing cases). Here, there are no common issues of law, and the fact issues differ substantially. The crux of this case is whether defendant was required to make contributions to the Funds per their collective bargaining agreement and whether it failed to do so. The crux of the Teamsters' case is whether defendant failed to provide its employees with the statutorily-required notice of its closing. (Funds' Resp. at 4-5.) Because the causes of action are fundamentally distinct and involve predominately different issues of fact, it is unlikely that the

4

Court could dispose of both cases in a single proceeding. *See Clark*, 42 F. Supp. 2d at 849 (finding that where issues of law and fact were distinct, summary judgment motions would be unique to each case). Accordingly, because defendant has failed to satisfy LR 40.4(b) and (c), the Court denies defendant's motion to consolidate.

## Conclusion

Based on the foregoing analysis, the Court denies defendant's motion to consolidate [doc. no. 16]. Defendant has two weeks from the date of this Memorandum Opinion and Order to file its answer.

SO ORDERED             ENTER: May 4, 2011

_____
**RONALD A. GUZMAN**
**District Judge**